UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE LACY,<br><br>             Plaintiff,<br><br>      v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE,<br><br>             Defendant. | Case No.  1:25-cv-00832-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Janice Lacy is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's signed complaint, filed on July 10, 2025, is currently before the Court for screening.  (Doc. 1.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff brings this action against the Fresno County Sheriff's Office. In Plaintiff's form complaint, Plaintiff alleges as follows:

> I called 911 and the Sheriff wrote a report saying that I was talking to myself so that noone [sic] would believe me[.] Then the Deputy claimed I made statement [sic] about my genitals, causing him to need to search my person specifically in that area and others. This was in the field and in a semi-private place although there was some visibility . . . My complaints have been ignored.

(Doc. 1 at 5.)

Plaintiff further alleges:

> I fear that the Sheriff misbehaves too often. They must be assigned an auditor. I know that the PREA posters do not go to anyone who can help, except for a counselor. The arresting Deputy was laughing with a correctional officer about being friends with IA and texting. They really believe that what I am going though [sic] is funny. I request the arresting Deputy be dismissed and replaced, along with the IA officer. I had to see him at a local store last week[.]

Plaintiff asserts claims for violation of her Fourth, Fifth, and Fourteenth Amendment rights, and well as claims on the basis of "women's equality, due process, protection, sexual harassment." (*Id.* at 6.) As relief, Plaintiff seeks "$1 million punitive for violating my rights, $500,000 for vocational rehabilitation for my small business, $500,000 for destroying the peace and safety of our home[,] $500,000 for permanent injury[,] $500,000 in lost past and future wages, $500,000 for destroying my reputation[,] 700,000 for my offspring college debt." (*Id.*)

2

1  Plaintiff also requests that "the arresting Deputy be dismissed and replaced, along with the IA
2  officer." (*Id.* at 6.)

3    **III.**  **Discussion**

4    Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and 10 and
5  fails to state a cognizable claim upon which relief may be granted. Because she is proceeding *pro*
6  *se*, Plaintiff will be granted leave to amend her complaint to the extent that she can do so in good
7  faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant
8  to her claims.

9    **A.**  **Federal Rule of Civil Procedure 8**

10    Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
11  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).
12  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
13  of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678
14  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
15  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
16  at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also*
17  *Twombly*, 550 U.S. at 556–57.

18    Plaintiff's complaint does not set forth sufficient factual matter to constitute a plain
19  statement of her claims. As a basic matter, the complaint does not clearly allege what happened,
20  when it happened, or who was involved. The complaint does not provide any factual allegations
21  concerning the circumstances preceding the alleged search, the details of the alleged search, or the
22  individuals involved. If Plaintiff elects to amend her complaint, she must clearly state what
23  happened, when it happened, and who was involved.

24    **B.**  **Federal Rule of Civil Procedure 10**

25    Plaintiff's complaint identifies only Defendant Fresno County Sheriff's Office in the
26  caption, but lists other individuals in the allegations of her complaint. Plaintiff refers to "the
27  Sheriff," "the Deputy," (Doc. 1 at 5), "a correctional officer," and an "IA officer" in her
28  allegations. (*Id.* at 6.) Plaintiff's complaint does not have a caption that contains the name of any

3

1  individual defendant.  Plaintiff also references "Arresting Officers, IA and John Zanoni, as an
2  organization," but these individuals and entities are not listed in the caption.  It is unclear if
3  Plaintiff is attempting to name individual defendants or if only the Sheriff's Office is intended to
4  be named as a party.
5  　　　If Plaintiff intends to name individual defendants, then the complaint's caption must
6  contain the names of the defendants.  *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs
7  include the names of all parties in the caption of the complaint).  The Court cannot have the
8  complaint served on any of the parties discussed in the body of the Complaint.  *See Soto v. Bd. of*
9  *Prison Term*, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007)
10 (The Court cannot order service of the Complaint without the names of the parties included in the
11 caption of the Complaint).
12 　　　In any amended complaint, Plaintiff must identify all defendants in the caption of the
13 complaint, and must submit her complaint "in numbered paragraphs, each limited as far as
14 practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).
15 　　**C.**　　　**Linkage Requirement**
16 　　　The Civil Rights Act under which this action was filed provides:
17 　　　　　　Every person who, under color of [state law] . . . subjects, or causes to be
　　　　　　　subjected, any citizen of the United States . . . to the deprivation of any
18 　　　　　　rights, privileges, or immunities secured by the Constitution . . . shall be
　　　　　　　liable to the party injured in an action at law, suit in equity, or other proper
19 　　　　　　proceeding for redress.
20 42 U.S.C. § 1983.  "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two
21 elements: (1) that a right secured by the Constitution or laws of the United States was violated;
22 and (2) that the alleged violation was committed by a person acting under color of state
23 law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir.
24 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).
25 　　　The statute plainly requires that there be an actual connection or link between the actions
26 of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v.*
27 *Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth
28 Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right,

4

within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link the Fresno County Sheriff's Office to any wrongful conduct. In any amended complaint, Plaintiff must link each individual Defendant, including the Fresno County Sheriff's Office, to a specific act or omission that violated Plaintiff's rights.

### D. *Monell* Liability

Plaintiff brings claims under 42 U.S.C. § 1983. (Doc. 1 at 4; Doc. 1-1.) Plaintiff names the Fresno County Sheriff's Office as a defendant, but does not identify any specific actions the entity took to violate her rights with sufficient detail. Sheriff's Departments "are 'persons' amenable to suit under § 1983." *Est. of Debbs v. County of Sacramento*, No. 2:20-cv-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 568 (9th Cir. 2023)).

Sheriff's Departments "cannot be held liable [for the actions of their employees] under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 591 (1978). Instead, the constitutional injury must occur during the execution of an official "policy or custom." *Id.* at 694. "A plaintiff may assert *Monell* liability based on: (1) an official policy; (2) a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity'; (3) the act of an 'official whose acts fairly represent official policy such that the challenged action constituted official policy'; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Bustamante v. County of Shasta*, No. 2:23-cv-01552-TLN-DMC, 2024 WL 3673529, at *2 (E.D. Cal. Aug. 6, 2024) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008)). Plaintiff does not allege any official policy, practice, or custom of either the Sheriff's Office or the County, nor does she allege delegation or ratification by an official with final policy-making authority sufficient to support *Monell* liability against the Sheriff's Office.

In any amended complaint, if Plaintiff wishes to maintain her claims under 42 U.S.C. §

1983, Plaintiff should allege an official policy, practice, or custom of the Sheriff's Office, or delegation or a ratification by an official with final policy-making authority sufficient to support *Monell* liability against the Sheriff's Office.

### E. Fourth Amendment

According to the Civil Cover Sheet, Plaintiff brings claims under the Fourth Amendment. (Doc. 1-1.)  Plaintiff alleges that she was subjected to "unlawful types of search" and was denied "a reasonable right to limited privacy." (Doc. 1 at 4.)  She further asserts that a Sheriff's Deputy conducted a physical search of her person "in a semi-private place although there was some visibility." (*Id.* at 5.)

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV.  The Fourth Amendment only prohibits unreasonable searches. *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search . . . as contemplated by the Fourth Amendment, but also that said search . . . was unreasonable and conducted without consent." *Williams v. Drakaina Logistics*, No. 1:21-cv-01436-NONE-SKO, 2022 WL 36957, at *5 (E.D. Cal. Jan. 3, 2022) (citations omitted).

Here, there are insufficient factual allegations in Plaintiff's complaint indicating that she was subjected to an unlawful search. The complaint is silent as to the events or circumstances preceding Plaintiff's alleged search by the deputy.  There are also no factual allegations suggesting that any such search was unreasonable or conducted without consent.  Plaintiff's vague and conclusory assertions that she was subjected to "unlawful types of searches" or that her "reasonable right to limited privacy" were violated are not sufficient to state a cognizable Fourth Amendment claim.

In any amended complaint, Plaintiff must include sufficient factual allegations to describe the events or circumstances surrounding the search if she wishes to state a cognizable Fourth Amendment claim.

**F.     Fifth Amendment**

Plaintiff asserts a violation of the Fifth Amendment due process clause. (Doc. 1 at 4.) ("The 5th Amendment states that I should have had fair due process.") "[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). The named defendant is not a federal government entity. Accordingly, unless Plaintiff asserts claims against federal entities or individuals, any Fifth Amendment claims are not cognizable.

**G.     Fourteenth Amendment**

*a. Due Process Claims*

Plaintiff appears to allege a violation of her substantive due process rights. (Doc. 1-1.) "The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process." *Williams v. Fresno Cnty. Dep't of Soc. Servs.*, No. 1:21–CV–00596–DAD–SAB, 2021 WL 3033578, at *6 (E.D. Cal. July 19, 2021), report and recommendation adopted, 2021 WL 4751408 (E.D. Cal. Oct. 12, 2021) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)). "The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression." *Williams*, 2021 WL 3033578, at *6 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 840, 846 (1998)). The Supreme Court has held that "the substantive component of the Due Process Clause is violated . . . only when [official conduct] 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Lewis*, 523 U.S. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Lewis*, 523 U.S. at 846.

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Williams*, 2021 WL 3033578, at *7 (quoting *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006). "To state a substantive due process claim, a plaintiff must "show both a deprivation of [her] liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.

Plaintiff premises her substantive due process claim on allegations that she "should be free of humiliating sexual harassment," that she "should have had fair due process," and that she "should have protection from unlawful types of search and a reasonable right to limited privacy." (Doc. 1 at 4.)  Plaintiff alleges that "[t]he arresting Deputy was laughing with a correctional officer" and that "They really believe that what I am going though [sic] is funny." (*Id.* at 6.) Plaintiff also seems to mention that her causes of action relate to "Constitutional Ammendment [sic] 4, 5, 14 women's equality, due process, protection, sexual harassment." *Id.* Without more, these allegations alone are insufficient state a cognizable Fourteenth Amendment claim.

In any amended complaint, Plaintiff must include sufficient factual allegations that show that named individuals or entities were personally involved in the deprivation of her civil rights, specific instances in which her due process rights were violated, *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."), as well as a deprivation of Plaintiff's liberty and conscience shocking behavior by the government. *Brittain*, 451 F.3d at 991.

      b. *Equal Protection Claims*

Plaintiff also appears to bring Equal Protection claims in this action. (Doc. 1 at 4) ("Constitutional Ammendment [sic] 14 states that I should have equal protection, yet don't."); Doc. 1-1)).

The Equal Protection Clause provides "that no State shall deny to any person within its jurisdiction the equal protection of the laws[.]" U.S. Const. Amend. XIV.  The Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).  To state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of individuals which included plaintiff, and that such conduct did not relate to a legitimate state purpose. Further, plaintiff must allege discriminatory intent. *See Washington v.*

8

*Davis*, 426 U.S. 229, 239–40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081–82 (9th Cir. 2003).

The Court finds that Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege she is a member of any suspect or protected class, and she fails to allege that any defendant denied plaintiff any rights based on membership in any suspect or protected class. Plaintiff also alleges no discriminatory intent by any named defendant, for example, that any defendant intended to discriminate against Plaintiff. Plaintiff's conclusory allegations that she was denied equal protection, Doc. 1 at 4, are insufficient. She also does not allege that she was intentionally treated differently than other similarly situated individuals without a rational relationship to a legitimate state purpose.

In any amended complaint, to state a cognizable claim Plaintiff must include sufficient factual allegations to show that Plaintiff is a member of a suspect or protected class, a defendant denied her rights based on membership in that suspect or protected class, that there was no rational basis for this treatment, and that any defendant acted with intentional discrimination against her.

**H.     State Law Claims**

Insofar as Plaintiff is attempting to assert state law claims, the Court declines to screen them in the absence of a cognizable claim for relief under federal law. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

In addition, Plaintiff has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public

entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

## IV.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and fails to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend her complaint to cure the identified deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

///

3.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:  **July 16, 2025**                              /s/ Barbara A. McAuliffe
                                                                        UNITED STATES MAGISTRATE JUDGE